UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

—————————————————————

JAMES EDWARD SANDFORD III,

                          Plaintiff,                     Case # 16-CV-6187-FPG

v.                                               DECISION AND ORDER

CLAY RUGAR, et al.,

                         Defendants.

—————————————————————

## INTRODUCTION

*Pro se* Plaintiff James Edward Sandford, III, a prisoner incarcerated at the United States Penitentiary at Hazelton, brought this action seeking relief under 42 U.S.C. § 1983. ECF No. 1. On June 21, 2018, after screening Plaintiff's Amended Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, the Court dismissed this case with prejudice for failure to state a claim upon which relief could be granted. ECF No. 15. The Clerk of Court entered judgment the next day. ECF No. 16.

On October 9, 2018, Plaintiff wrote to the Courtroom Deputy of United States District Court Judge David G. Larimer, who presided over Plaintiff's criminal prosecution. ECF No. 20. The letter pertained to his criminal prosecution, *United States v. Sandford*, Case # 15-CR-6101, but also asked the Courtroom Deputy to ensure that Plaintiff's address was properly updated in his civil case and to send him items from his "Civil Docket Sheet." *Id.* Plaintiff believed that he was waiting for the Court "to give [him] permission to file [his] notice of claim on the Defendants," *id.,* but the Court dismissed the Amended Complaint over three months earlier.

On November 15, 2018, Plaintiff appealed the Court's June 21, 2018 dismissal order. ECF No. 21. The United States Court of Appeals for the Second Circuit dismissed Plaintiff's appeal as

untimely, but directed this Court to determine whether Plaintiff's October 9, 2018 letter could be

construed as a timely motion to reopen the time to appeal under Federal Rule of Appellate

Procedure 4(a)(6) and to consider whether Plaintiff is entitled to reopening the time to appeal under

that Rule. ECF No. 26.[1] For the reasons that follow, the Court determines that Plaintiff's letter

cannot be so construed.

## DISCUSSION

Federal Rule of Appellate Procedure 4(a)(6) provides that:

The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:

(A)     the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;

(B)     the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and

(C)     the court finds that no party would be prejudiced.

Plaintiff meets the first condition because he was clearly unaware that his case had been

dismissed more than three months before his October 9 letter. As to the second condition, Plaintiff

filed his letter within 180 days after judgment was entered,[2] but the Court finds that it cannot be

construed as a motion to reopen under Federal Rule of Appellate Procedure 4(a)(6).

"A motion is an application for relief addressed to a court. More precisely, it is, [a] written

or oral application requesting a court to make a specified ruling or order." *Knickerbocker v. Artuz*,

---

[1] "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007) (affirming dismissal of appeal filed within the time granted by the District Court but outside the time provided for in the statute).

[2] In his Notice of Appeal, however, Plaintiff indicated that he received the Court's Order on October 24, 2018, yet he waited until November 8, 2018, more than 14 days, before filing his Notice of Appeal. *See* ECF No. 21.

198 F. Supp. 2d 415, 417 (S.D.N.Y. 2002) (quotation marks and citation omitted).  Plaintiff's

letter, written to the Courtroom Deputy of a different judge, was not an application for relief or

addressed to a court.  The letter sought merely to obtain a status update in the form of a printed

copy of the docket in this case.  Further, "[i]n the ordinary course, it would not even be brought to

the attention of a judge who could grant relief.  Therefore, . . . it could [not] possibly be construed

as a motion." *Id*. at 418.

Plaintiff's letter dealt primarily with his pending criminal prosecution and only tangentially

addressed the proceedings in this civil case.  His request of Judge Larimer's Courtroom Deputy

cannot be construed as a written or oral application asking the Court to reopen his time to appeal

under Federal Rule of Appellate Procedure 4(a)(6); accordingly, the Court does not consider

whether Plaintiff is entitled to reopening the time to appeal under that Rule.

## CONCLUSION

Plaintiff's October 9, 2018 letter cannot be construed as a timely motion to reopen the time

to appeal under Federal Rule of Appellate Procedure 4(a)(6), and therefore the Court does not

consider whether Plaintiff is entitled to reopening the time to appeal under that Rule.

The Clerk of Court is directed to transmit this Decision and Order to the Second Circuit

Court of Appeals.

IT IS SO ORDERED.

Dated: September 6, 2019
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court